IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

JULIAN LEE GREEN,

        Plaintiff,

v.                            Civil Action No. 1:13cv185
                            (Judge Keeley)

**WEST VIRGINIA PAROLE BOARD,**
**DENNIS FOREMAN, Chairman**
**JIM RUBENSTEIN, Commissioner,**

        Defendants.

## REPORT AND RECOMMENDATION

Th plaintiff, a *pro se* inmate, currently incarcerated at the Huttonsville Correctional Center in Huttonsville, West Virginia, initiated this case pursuant to a civil rights complaint filed on August 15, 2013. On September 4, 2013, he was granted leave to proceed *in forma paperis*. Accordingly, this case is now before the undersigned for a preliminary review and report and recommendation pursuant to 28 U.S.C. §§ 1915(e) and 1515(A) and LR PL P 2, *et seq*.

### I. Background

Based on the complaint and attachments, as well as information available on the West Virginia Division of Correction's website, it appears that the plaintiff was sentenced on February 11, 2008, in the Circuit Court of Ohio County on the charges of Fleeing from Officer, Vehicle, Injury and Forgery Credit Card. The plaintiff was incarcerated and eventually released after a grant of parole on May 1, 2012. Subsequently, on or about February 8, 2013, the West Virginia Division of Corrections charged the plaintiff with a parole violation stemming from a charge for an alleged December 22, 2012, battery offense. The plaintiff had a parole violation hearing at the Northern Regional Jail on February 19, 2013, to determine whether the Order of Release on Parole granted on May 1, 2012, should be revoked. As a result of the hearing, the plaintiff's parole was revoked. His next parole hearing is tentatively scheduled for May 12,

2014, his maximum parole date is January 17, 2021, and his projected release date is January 13, 2017. The plaintiff appealed his revocation without success. The plaintiff alleges that the revocation of his parole violated his due process rights, his 12th and 14th Amendments rights as well as his equal protections rights, and constitutes cruel and unusual punishment.[1] For relief, the plaintiff asks the court "to punish the defendants for each day [he is] incarcerated for [his] emotional and mental distress. Although not specifically stated, it would appear that the plaintiff is seeking monetary damages.

## II. Standard of Review

Because plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. 28 U.S.C. § 1915A. Pursuant to § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. 1915A(b).

A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). However, the Court must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. See Neitzke at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[2] or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992)

---

[1] The plaintiff alleges that although he was charged in Ohio County Magistrate Court with an alleged battery offense, those charges were subsequently dismissed on May 23, 2013. However, a review of the WVDOC website reveals that the plaintiff was convicted of Wanton Endangerment Involving a Firearm in the Circuit Court of Ohio County and sentenced on July 22, 2013 in Case No. 13-F-11. The information on the website was confirmed by the *pro se* law clerk in consultation with the Circuit Clerk's office in Ohio County.

[2] Id. at 327.

### III. Section 1983 Action

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

Therefore, in order to state a claim under 42 U.S.C. § 1983, the plaintiff must demonstrate that a person acting under color of state law deprived him of the rights guaranteed by the Constitution or federal laws. Rendall-Baker v. Kohn, 547 U.S. 830, 838 (1982).

### IV. Analysis

In a series of cases beginning with Preiser v.Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. §2254. In Preiser, state prisoners who have been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release. 411 US at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 US at 494. The court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed an analogous question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in his suit for

damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal courts issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has **not** been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87. (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already in invalidated. But if the District Court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnote omitted). Moreover, the Supreme Court stated that one reason for imposing such a requirement is to prevent a convicted criminal defendant from collaterally attacking his criminal conviction through a civil suit. Id. at 484.

Following Preiser and Heck, in Edwards v. Balisok, 510 U.S. 641 (1997), the Supreme Court applied the reasoning of those two previous cases to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credit, but not necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, that being

4

the disciplinary finding and punishment. 520 U.S. at 656-68.

Here, the plaintiff seeks to bring a claim arising out of alleged deprivations of due process in connection with his parole revocation hearing. The Supreme Court has held that the requirements of due process do apply, in general, to parole revocation proceedings. See Morrissey v. Brewer, 408 U.S. 471 (1972). Specifically, before being deprived of liberty through revocation of parole, a parolee is entitled to a prompt preliminary hearing, at or reasonably near the place of the alleged parole violation or arrest, to determine whether there is probable cause or reasonable ground to believe that the parolee has committed acts that would constitute a violation of parole conditions. Morrissey, 408 US at 485. The determination that reasonable grounds exist for revocation of parole should be made by someone not directly involved in the case, after notice to the parolee, an opportunity for the parolee to speak on his own behalf and to present evidence and witnesses, and to question those who have given adverse information. Id. at 485-87.

A parolee is also entitled to a final revocation hearing which "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Id. at 488. "The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggests that the violation does not warrant revocation." Id. The minimum requirements of due process include "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." Id. at 489.

In Wilkinson v. Dotson, 544 U.S. 74 (2005) the Supreme Court examined the evolution of its holdings from Preiser to Balisok. The Supreme Court held that the cases, taken together stand for the

5

following proposition:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) --
> the matter the relief sought (damages or equitable relief), no matter
> the target of the prisoner's suit (State conduct leading to conviction
> or internal prison proceedings)– **if** successive in that action would
> necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson, 544 U.S. at 81-82.

Therefore, although the plaintiff does not specifically request relief in the form of release from custody or damages, he nonetheless claims that his parole was revoked in violation of due process. A determination that he was deprived of liberty without due process would necessarily imply the invalidity of his current custody. Accordingly the claim is premature until such time as the parole revocation decision has been otherwise invalidated. Therefore, the plaintiff has no chance of success on the merits.

## IV. Recommendation

In consideration of the foregoing, it is recommended that the plaintiff's complaint be **DISMISSED** as frivolous.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

IT IS SO ORDERED.

DATED: April 3, 2014

                                          *John S. Kaull*
                                          JOHN S. KAULL
                                          UNITED STATES MAGISTRATE JUDGE