IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JULIAN LEE GREEN,

Plaintiff,

v.                          //    CIVIL ACTION NO. 1:13CV185
(Judge Keeley)

WEST VIRGINIA PAROLE BOARD, et al.,

Defendants.

MEMORANDUM OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [DKT. NO. 15]
AND DISMISSING COMPLAINT WITH PREJUDICE

The plaintiff, Julian Lee Green ("Green"), is incarcerated at
the Huttonsville Correctional Center in Huttonsville, West Virginia
(Dkt. No. 15 at 1). On August 15, 2013, Green filed this civil
rights complaint seeking relief under 42 U.S.C. § 1983 (Dkt. No.
1). United States Magistrate Judge John Kaull issued his report
and recommendation (R&R) on April 3, 2014, recommending that the
Court dismiss Green's complaint as frivolous (Dkt. No. 15 at 6).
Green did not file any objections to the R&R.[1]  For the reasons
that follow, the Court **ADOPTS** the R&R (Dkt. No. 15) and **DISMISSES**
the complaint with prejudice (Dkt. No. 1).

On February 11, 2008, Green was sentenced in the Circuit Court
of Ohio County on charges of fleeing from an officer, vehicle,

---

[1] When reviewing a magistrate judge's R&R pursuant to 28
U.S.C. § 636, the court reviews <u>de novo</u> only that portion of the
R&R to which a timely objection has been made.  28 U.S.C. §
636(b)(1)(C).  It will uphold those portions of a recommendation as
to which no objection has been made unless they are "clearly
erroneous." <u>See</u> <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416
F.3d 310, 315 (4th Cir. 2005).  Inasmuch as Green did not file any
objections to the R&R, the Court will review the R&R for clear
error.

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE**

injury and forgery credit card (Dkt. No. 15 at 1).  On May 1, 2012, he was granted parole and released from incarceration.  <u>Id.</u>  Around February 8, 2013, the West Virginia Division of Corrections charged Green with parole violations stemming from an alleged battery on December 22, 2012.  <u>Id.</u>  On February 19, 2013, Green's parole was revoked.  <u>Id.</u>  Green states that he should be released from imprisonment because the underlying rationale for his parole revocation–the state court battery charge–was dismissed.  <u>Id.</u> at 5. He claims that the revocation of his parole violated his due process rights, equal protection rights, Twelfth and Fourteenth Amendment rights, and his right to be free from cruel and unusual punishment.  <u>Id.</u> at 2.

Magistrate Judge Kaull recommended that the Court dismiss Green's complaint as frivolous.  28 U.S.C. § 1915A(b)(1).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989).  "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" <u>Id.</u> (quoting <u>Anders v. California</u>, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400 (1967)).  A court may only dismiss a claim as factually frivolous if the facts alleged are "clearly baseless."  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32, 112 S.Ct. 1728, 1733 (1992) (quoting <u>Neitzke</u>, 490 U.S. at 327, 109 S.Ct. at 1833).

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
## RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE

A state court prisoner who seeks release from imprisonment can only challenge "the very fact or duration of his physical imprisonment" with a writ of habeas corpus, rather than under 42 U.S.C. § 1983. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 1841 (1973). A prisoner who seeks to recover damages for unconstitutional imprisonment under § 1983 must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994).

In such situations, the court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Id. If so, "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. See also Wilkinson v. Dotson, 544 U.S. 75, 81-82, 125 S.Ct. 1242, 1248 (2005) (summarizing case law and emphasizing that a state prisoner's § 1983 claim is barred if success in that action would necessarily demonstrate the invalidity of confinement or its duration).

As Magistrate Judge Kaull explained, although Green did not specifically ask for release from imprisonment, he did ask the

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND
RECOMMENDATION AND DISMISSING COMPLAINT WITH PREJUDICE**

Court to invalidate his current custody (Dkt. No. 15 at 6). Green claims that he was deprived of due process, and that his constitutional rights are being violated by continued imprisonment (Dkt. No. 1 at 7-8). It is undisputed that the West Virginia Parole Board's decision to revoke Green's parole has not yet been invalidated (Dkt. No. 1; Dkt. No. 15 at 6). Therefore, a judgment in favor of Green would "necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486-87; 114 S.Ct. at 2372. Because Green cannot demonstrate that his sentence has been invalidated, the rule in Preiser and its progeny bars his claim.

Magistrate Judge Kaull's reasoning in the R&R is persuasive and, finding no clear error, the Court fully adopts it. Therefore, the Court **ADOPTS** the R&R (Dkt. No. 15) in its entirety, and **DISMISSES** the complaint (Dkt. No. 1) **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record and the pro se plaintiff, certified mail, return receipt requested, and to enter a separate judgment order.

DATED: December 22, 2014.

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE